# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
DEBRA INNACE, **SUMMONS**

                                 Plaintiff(s),       Index No.:

        -against-       Date filed:

J.C. PENNEY CORPORATION, INC.,

                                Defendant(s).
-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(s):

YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of venue is the location of the accident.

The location of the accident is J.C. Penney, Gateway Shopping Center, 360 Gateway Drive, Brooklyn, NY 11239

Dated:     Queens, New York
            April 15, 2022

Yours, etc.,

_____
ANDREA R. PALMER, ESQ.
SCOTT BARON & ASSOCIATES, P.C.
Attorney for Plaintiff(s)
DEBRA INNACE
159-45 Cross Bay Boulevard
Howard Beach, New York 11414
(718) 738-9800
File No.: 20-11640

FILED: KINGS COUNTY CLERK 05/06/2022 02:08 PM
NYSCEF DOC. NO. 1

Case 1:22-cv-03440-HG Document 1-1 Filed 06/10/22 Page 3 of 12 PageID #: 5
INDEX NO. 513258/2022
RECEIVED NYSCEF: 05/06/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
DEBRA INNACE,                                    **VERIFIED**
                                                 **COMPLAINT**
                        Plaintiff(s),
                                                 Index No.:
        -against-

J.C. PENNEY CORPORATION, INC.,

                        Defendant(s).
------------------------------------------------------------------------X

       Plaintiff, by her attorney, SCOTT BARON & ASSOCIATES, P.C., as and for a cause of action, complaining of the defendants herein, respectfully show(s) to this Court and alleges upon information and belief as follows:

       1.    That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Queens, City and State of New York.

       2.    That this action falls within one or more of the exemptions found within CPLR §1602.

       3.    That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

       4.    That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

       5.    That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a foreign corporation duly authorized to conduct business in the State of New York.

       6.    That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a foreign limited liability company duly authorized to conduct business in the State of New York.

7. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a foreign not-for-profit corporation duly authorized to conduct business in the State of New York.

8. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a domestic not-for-profit corporation duly authorized to conduct business in the State of New York.

9. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

10. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a partnership duly organized and existing under and by virtue of the laws of the State of New York.

11. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a resident of the State of New York.

12. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., maintained a principal place of business in the State of New York.

13. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was licensed to do business as J.C. PENNEY CORPORATION, INC.

14. That on July 12, 2020, and at all times hereinafter mentioned, the defendant J.C. PENNEY CORPORATION, INC. actually conducted business in the State of New York

15. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was the owner of the premises located at Gateway Shopping Center, 360 Gateway Drive, Brooklyn, NY 11239.

16. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a lessor of the aforesaid premises.

17. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., was a lessee of the aforesaid premises.

18. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., its agents, servants, and/or employees operated the aforesaid premises.

19. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., agents, servants, and/or employees managed the aforesaid premises.

20. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., its agents, servants, and/or employees maintained the aforesaid premises.

21. That on July 12, 2020, and at all the times herein mentioned, the defendant J.C. PENNEY CORPORATION, INC., its agents, servants, and/or employees controlled the aforesaid premises.

22. That on July 12, 2020, and at all times herein mentioned, the plaintiff DEBRA INNACE was lawfully upon the aforesaid premises.

23. That on July 12, 2020, and at all times herein mentioned, it was the duty of the defendant, its agents, servants and/or employees to keep and maintain said premises in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to visitors and/or customers and/or employees.

24. That on or about July 12, 2020, while plaintiff was lawfully upon the aforesaid premises, plaintiff was caused to be injured by reason of the negligence, carelessness, and want of proper care of the defendant, its agents, servants and/or employees.

25. That the aforesaid incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees in that the defendants, their agents, servants and/or employees were careless, reckless and negligent in the ownership, leasing, operation, control,

FILED: KINGS COUNTY CLERK 05/06/2022 02:08 PM
NYSCEF DOC. NO. 1

Case 1:22-cv-03440-HG   Document 1-1   Filed 06/10/22   Page 6 of 12 PageID #: 8
INDEX NO. 513258/2022
RECEIVED NYSCEF: 05/06/2022

management, supervision, inspection, maintenance, repair, design, construction, placement, equipping, guarding, renovation, alteration, arranging, and conducting the aforesaid premises and/or rug, all appurtenances therein and thereto; in causing, allowing, permitting and/or creating said premises and/or rug to develop a dangerous, defective, hazardous, unsafe and trap-like condition, and to become and remain in such condition; in causing, allowing, permitting and/or creating said rug to be improperly designed, constructed, placed, equipped, guarded and arranged; in failing to properly design, construct, place, equip, guard, arrange said rug within said premises; in failing to adequately and/or sufficiently illuminate said premise and or rug area with signs, notices, lights, etc.; in failing to maintain and repair the lighting at said premise; in causing, allowing, permitting and/or creating said premises and/or rug and parts thereof, as described above, to fall into such a state of disrepair, misplacement that it constituted a public and private nuisance and trap for the unaware.

In failing to design, construct, place and equip said premise and/or rug as above described in accordance with adequate and proper engineering and safety standards; in failing to consult with a licensed architect and/or contractor with regard to the design, construction, placement, equipping of said premise and/or rug; in designing, constructing and placing said premise and/or rug so that it was inadequate and/or inappropriate for the users to which it would reasonable be expect to be put; in failing to make adequate and/or proper inspections and repairs to prevent the development of the aforesaid condition for the unaware, those mentioned above, and more particularly for the plaintiff herein; in failing to warn those mentioned above, and especially the plaintiff herein, that there existed a dangerous, defective, hazardous, unsafe and trap-like condition in said premise and/or rug; in failing to place warning signs, notice lights, barriers, ropes and/or cordons around said defective conditions so as to prevent those mentioned above, and more particularly the plaintiff herein, from passing nearby and becoming exposed to the hazards therein; in failing to inspect said premise and/or rug for latent and patent defects; in failing to supervise and control the inspection activities of their agents, servants and/or employees; in failing to hire and employ adequate, properly trained and/or sufficient personnel for the purposes of supervising, inspecting,

FILED: KINGS COUNTY CLERK 05/06/2022 02:08 PM
NYSCEF DOC. NO. 1

Case 1:22-cv-03440-HG   Document 1-1   Filed 06/10/22   Page 7 of 12 PageID #: 9
INDEX NO. 513258/2022
RECEIVED NYSCEF: 05/06/2022

maintaining and repairing said premise and/or rug; in failing to hire and employ any personnel for any or all of the aforementioned purposes; in hiring and employing incompetent, untrained, inadequate and insufficient numbers of personnel to perform, supervision, inspection and maintenance duties at the aforesaid premises; in failing to train and supervise their agents, servants and/or employees in the proper and necessary inspection and maintenance of said premise and/or rug; in failing to promulgate and enforce sufficient rules and regulations for safety standards in said premises; in causing injury to the plaintiff; in failing to keep the plaintiff free from injury notwithstanding the fact that the defendants, their agents, servants and/or employees, knew of, observed, permitted caused and/or created the aforesaid defective condition; in violating all applicable laws, statutes, rules, regulation, codes and ordinances then and there in effect and existing at the place and time of the occurrence complained of; and in otherwise being careless, reckless and negligent in the ownership, leasing, operation, control, management, supervision, inspection, maintenance, repair, design, construction, placement, equipping, guarding, renovation, alteration, arranging and conducting the aforesaid premises and/or rug, including but not necessarily limited to, failing to provide the plaintiff with a safe premises notwithstanding the fact that they invited members of the public to utilize and enjoy the subject premises; in evincing a conscious, callous, wanton and utter disregard for the health, safety and welfare of others, of business invitees and more particularly of the plaintiff herein, solely out of considerations of expediency and cost control, taking into consideration only economies and expense reduction to the exclusion of considerations for the health, safety and welfare of invitees to the aforesaid premises and facilities, and especially to the exclusion of considerations for the health, safety and welfare of the plaintiff herein; in allowing and permitting said premises to be and remain in such a hazardous, dangerous and defective condition; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, unsafe condition thereat; in failing to properly maintain said premises and in improperly maintaining said premises; and in generally being negligent and reckless in the premises; in failing to secure said premises so as not to cause injuries to plaintiff, all

in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises. Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

26. That on or prior to July 12, 2020, the defendant, its agents, servants, and/or employees had actual notice of the aforesaid dangerous and defective conditions.

27. That on or prior to July 12, 2020, the defendant, its agents, servants, and/or employees had constructive notice of the aforesaid dangerous and defective conditions.

28. That on or prior to July 12, 2020, the defendant, its agents, servants, and/or employees caused and created the aforesaid dangerous and defective conditions.

29. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes may be permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage.

WHEREFORE, plaintiff DEBRA INNACE demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the interest, costs and disbursements of this action.

Dated: Queens, New York
April 15, 2022

Yours, etc.

ANDREA R. PALMER, ESQ.
SCOTT BARON & ASSOCIATES, P.C.
Attorneys for Plaintiff(s)
DEBRA INNACE
159-45 Cross Bay Boulevard

Howard Beach, NY 11414
(718) 738-9800
Our File No.: 20-11640

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
) SS:
COUNTY OF QUEENS )

DEBRA INNACE being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing VERIFIED COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_____
DEBRA INNACE

Sworn to before me this
15th day of April, 2022

_____
NOTARY PUBLIC

ALEX C. PANGILINAN
Commissioner of Deeds
City of New York No. 4-4934
Certificate Filed in Queens County
Commission Exp. August 1, 2023

File No.: 20-11640

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DEBRA INNACE,

                                                    Plaintiff(s)

-against-

J.C. PENNEY CORPORATION, INC.,

                                                    Defendant(s)

SUMMONS WITH VERIFIED COMPLAINT

_____
ANDREA R. PALMER, ESQ.
SCOTT BARON & ASSOCIATES, P.C.
Attorney for Plaintiff(s)
159-45 Cross Bay Boulevard
Howard Beach, New York 11414
(718) 738-9800

ATTORNEY(S): Scott Baron & Associates, P.C.
INDEX #: 513258/2022
PURCHASED/FILED: May 6, 2022
STATE OF: NEW YORK
COURT: Supreme
COUNTY/DISTRICT: Kings

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Debra Innace

Plaintiff(s)

against

J.C. Penny Corporation, Inc.

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**
Approx. Age: 45 Yrs.
Weight: 160 Lbs.  Height: 5' 10"  Sex: Female  Color of skin: White
Hair color: Blonde  Other:

**Robert Guyette**, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **June 6, 2022**, at **1:06 PM**, at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons & Verified Complaint with Notice Regarding Availability of Electronic Filing Supreme Court Cases**

on

**J.C. Penny Corporation, Inc.**,

the Defendant in this action, by delivering to and leaving with **Amy Lesch** AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of **$40** dollars; That said service was made pursuant to Section **BUSINESS CORPORATION LAW §306.**

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

6th day of June 2022

YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires November 3, 2022

Robert Guyette

Invoice·Work Order # 2219516
Attorney File # 20-11640

1 of 1